UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLIE LOUD III, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| WARDEN ROBERT A. BALLI, | § | |
| WARDEN KINKER, | § | SA-07-CV-0948 FB (NN) |
| ROXANNE REDUX, and | § | |
| TEXAS DEPARTMENT OF | § | |
| CORRECTIONS, | § | |
| | § | |
| Defendants. | § | |

**ORDER CONCERNING MOTIONS TO DISMISS**

    This order addresses two motions to dismiss filed in this case and instructs plaintiff Charlie Loud on actions needed to avoid dismissal of this case.

    In the first motion, the Texas Attorney General on behalf of the Texas Department of Criminal Justice (the Department), asked the court to quash the service on the Department because Loud erroneously directed his summons to the Texas Department of Corrections at the Fabian Dale Dominguez Unit in San Antonio.[1]  The Attorney General explained that service should be quashed because Loud did not serve the Department's agent for service of process—the Department's chief executive officer, Brad Livingston.  The Attorney General asked in the alternative that the court dismiss Loud's claims against the Department.

    "Before a federal court may exercise personal jurisdiction over a defendant, the

---

[1] Docket entry # 6.

procedural requirement of service of summons must be satisfied."[2] Federal Rule of Civil Procedure 4(j)(2) specifies the method for serving a state-created governmental organization like the Department. If a plaintiff fails to properly serve a defendant state-created governmental organization, claims against that defendant are subject to dismissal for failure to serve. "Once the validity of service of process has been contested, the plaintiff 'must bear the burden of establishing its validity.'"[3]

Loud did not respond to the Attorney General's motion within the time permitted under the Local Rules for this district;[4] and therefore, he has failed to meet his burden to establish the validity of service on the Department. I GRANT the motion to quash service (docket entry # 6), but because the deadline for effecting service has not yet passed, I STRIKE the alternative motion to dismiss as premature. Loud can avoid dismissal of his claim against the Department by properly serving the Department's chief executive officer within 120 days after the filing of the complaint.

In the second motion, defendants Robert Balli, Roxanne Redux, and Harry Kinker asked the court to dismiss Loud's title VII claims against them.[5] In the motion, these defendants argue that they cannot be sued for unlawful employment discrimination because they do not meet title VII's definition of an employer. The defendants are correct.

---

[2]*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

[3]*Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985) (citation omitted).

[4]Under the Local Court Rules for this district, Loud had 11 days to respond to the motion. Loud can access the Local Court Rules on the official website for the Western District of Texas at www.txwd.uscourts.gov under the folder marked "rules."

[5]Docket entry # 5.

Under title VII, the term "employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."[6]  "[T]itle VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of 'employer.'"[7]  While the Department meets title VII's definition of employer, Balli, Redux, and Kinker do not.  Because Balli, Redux, and Kinker are not employers under title VII, they cannot be sued and claims against them are subject to dismissal.  Loud can avoid dismissal by amending his complaint and removing Balli, Redux, and Kinker as defendants.

In amending his complaint, Loud should also properly name the Department as a defendant.  Loud's original complaint names the Texas Department of Corrections, but it appears that Loud intends to sue the Texas Department of Criminal Justice.  The deadline for amending the complaint is **March 10, 2008.**  If Loud does not amend his complaint by that date, I will recommend to the district court that claims against Balli, Redux, and Kinker be dismissed.

**SIGNED** on February 26, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[6] 42 U.S.C.A. § 2000e(b).

[7] *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994).  *See Indest v. Freeman Decorating*, 164 F.3d 258, 262 (5th Cir. 1999) ("[A] a party may not maintain a suit against both an employer and its agent under Title VII.").