# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLIE LOUD III, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| | § | |
| | § | SA-07-CV-0948 FB (NN) |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## ON MOTION FOR SUMMARY JUDGMENT

**TO:** Honorable Fred Biery
United States District Judge

This report and recommends addresses defendant Texas Department of Criminal Justice's (TDCJ) motion for summary judgment.[1] I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After considering TDCJ's motion and plaintiff Charlie Loud's response,[3] I recommend granting the motion and entering summary judgment in favor of TDCJ.

---

[1]Docket entry # 20.

[2]Docket entry # 3.

[3]Docket entry # 22.

## Nature of the Case

Loud works as a Food Service Manager (FSM) III at TDCJ's Dominguez Unit in San Antonio. Loud has worked at the Dominguez Unit since 1999 when he transferred from TDCJ's Connally Unit. Loud has sued TDCJ under Title VII of the Civil Rights Act for: (1) failing to promote him to Food Service Manager IV because of his race, (2) hostile work environment based on race discrimination, and (3) retaliation. TDCJ has moved for summary judgment on each of these claims. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[4]

## Loud's Failure-to-Promote Claim

Loud alleges that he was not promoted to Captain of the Dominguez Food Service Unit because he is Black. Loud complains that he was the logical person to replace Captain Riddle as Captain of the Food Service Unit when Riddle retired in November 2003. The Captain's position is a FSM IV position. Loud explains that although he served as Captain until the position was formally filled, he was not promoted to Captain. Instead, James Warren—a white TDCJ employee—was selected as Captain.

TDCJ maintains that Loud's failure-to-promote claim is time-barred because Loud did not file a charge of discrimination in the required time period.[5] A "[T]itle VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct

---

[4]Fed. R. Civ. P. 56(c).

[5]Docket entry # 20, pp. 6-7.

alleged."[6] Loud complains that Warren was selected to replace Captain Riddle on or about November 27, 2003.[7] At that time, Loud would have known that he was not promoted. But Loud did not file a charge of discrimination with the EEOC until July 20, 2007.[8] Loud concedes that this date falls outside the 300 days for filing a charge of discrimination.[9] The claim is time-barred because Loud did not file his charge of discrimination within 300 days after Warren was selected to replace Captain Riddle as Captain. Because the claim is time-barred, TDCJ is entitled to summary judgment on the failure-to-promote claim.

### Loud's Hostile Work Environment Claim

Loud complains that he was subjected to harassment because he is Black. He complains that he received demerits as a result of an infraction in the food services unit that occurred shortly before Captain Riddle's retirement.[10] To the extent that allegation serves as the basis of Loud's hostile work environment, a claim based on that allegation is time-barred because Loud did not file his charge of discrimination within 300 days of receiving the demerits.

Loud also complains that Warden Balli called his home on November 1, 2006, to ask why he was not working. He asserts that when he returned the following day, he learned that Warden Balli had also called another Black Food Services Manager. He asserts that Warren told him that the Warden said he was watching Loud and the other Black Food Services Manager. Based on

---

[6]*Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).

[7]Docket entry # 8, ¶ 8a.

[8]Docket entry # 20, exh. C, p. 84, lines 1-3.

[9]Docket entry # 22, ¶ V.C., p. 5.

[10]Docket entry # 8, ¶ 8a(1).

this, Loud contends that he was harassed because he is Black.[11]

TDCJ maintains it is entitled to summary judgment on this claim, in part, because the alleged conduct did not affect a term, condition, or privilege of employment.[12] "To prevail on a hostile work environment claim, the [plaintiff] must prove that: 1) [he] belong[s] to a protected group; 2) [he was] subjected to unwelcome harassment; 3) the harassment complained of was based on race; and 4) the harassment affected a term, condition, or privilege of employment."[13] "For harassment to affect a 'term, condition, or privilege of employment' it must be 'sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment.'"[14] Loud testified that he had not experienced any change in pay or a change in job description.[15] Loud contends that "the phone call to his home compounded by the threat made [him] feel that he could not make any mistakes, would not be promoted, possibly no raises, and subject to termination for any reason,"[16] but the conduct Loud complains about is not sufficiently severe or pervasive so as to alter the conditions of his employment and create an abusive environment. Loud testified that he never spoke to Balli about his call or the alleged threat,[17] but

---

[11]*Id.* at ¶ 8a(2).

[12]Docket entry # 20, pp. 7-10.

[13]*Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003).

[14]*Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 353 (5th Cir. 2001) (internal citation omitted).

[15]Docket entry # 20, exh. C, p. 96, lines 15-20.

[16]Docket entry # 22, ¶ V.D., bottom of p. 6.

[17]Docket entry # 20, exh. C, p. 54, lines 20 to p. 55, line 4, p. 56, line 22 to p. 58, line 2.

4

instead just dealt with the resulting stress.[18] Loud presented no evidence raising a fact question about whether the alleged conduct affected a term, condition, or privilege of employment. Consequently, TDCJ is entitled to summary judgment on Loud's hostile work environment claim.

## Loud's Retaliation Claim

Loud maintains that he was retaliated against because he was removed from employee-scheduling duty after he filed his internal grievance with TDCJ. Loud explained that he had prepared work schedules for the Food Service Unit for six years,[19] until Warden Balli directed Warren to assume those duties. TDCJ argues that it is entitled to summary judgment on this claim, in part, because Loud cannot show a causal link between filing his grievance and an adverse employment action.[20] But there is a more basic reason for why Loud cannot prevail on this claim: Loud cannot make a prima facie showing of unlawful retaliation because he cannot show that an adverse employment action occurred.

"A plaintiff establishes a prima facie case for unlawful retaliation by proving (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action."[21] To prove an adverse employment action, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, meaning that the

---

[18]*Id*. at p. 79, lines 3 to p. 80, line 18.

[19]Docket entry # 8, ¶ 8(a)(3) & docket entry # 22, p. 8.

[20]Docket entry # 20, p. 11.

[21]*Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).

5

challenged action well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.[22] Loud does not complain about conduct that would have dissuaded a reasonable worker from making or supporting a charge of discrimination.

TDCJ's summary-judgment evidence shows that Warden Balli instructed Captain Warren to perform scheduling duties after he visited the Food Services Unit on the evening of November 1, 2006, and learned that two of the four Food Services Managers scheduled to work—Loud and the other Black Food Service Manager—were not working.[23] Warden Balli questioned the two Food Service Managers who were present about the status of the absent Food Service Managers, but they did not know why the absent Food Services Managers were not working. Warden Balli learned that Loud prepared work schedules and that a schedule was not available. In response, Warden Balli instructed Captain Warren to prepare work schedules because Balli viewed employee work schedules as a supervisor's responsibility and because he disapproved of Warren's detachment from the process of approving time off.[24]

Requiring a supervisor to prepare employee work schedules would not dissuade a reasonable worker from making or supporting a charge of discrimination. It is not the type of conduct that the Fifth Circuit has viewed as dissuading a reasonable worker from making or supporting a charge of discrimination.[25] Loud testified that he understood that Warden Balli felt

---

[22] *See Burlington No. & Santa Fe Railway v. White*, 548 U.S. 53, 68 (2006).

[23] Docket entry # 20, exh. A, pp. 13-14 & exh. B.

[24] Docket entry # 20, exh. A, p. 14 & exh. B, p. 2.

[25] *See Aryain v. Wal-Mart Stores Tex.*, 534 F.3d 473, 485 (5th Cir. 2008)(recognizing that "a lateral reassignment to a position with equal pay could amount to a materially adverse action in some circumstances," but explaining that employer's transfer of plaintiff from Tire Lube Express

6

that Warren, as FSM IV, should be responsible for preparing work schedules.[26] Even though he explained that he felt like he had been retaliated against because he was relieved of a duty he had done in the past,[27] under these circumstances, a reasonable worker would not have been dissuaded from making or supporting a charge of discrimination. For this reason, Loud cannot make a prima facie case of retaliation. TDCJ is entitled to summary judgment on this claim.

## Recommendation

TDCJ is entitled to summary judgment on Loud's failure-to-promote claim because the claim is time-barred. TDCJ is entitled to summary judgment on Loud's hostile work environment claim because the conduct he complains about did not affect a term, condition, or privilege of employment. TDCJ is entitled to summary judgment on Loud's retaliation claim because the conduct Loud complains about would not have dissuaded a reasonable worker from making or supporting a charge of discrimination. To the extent that Loud may complain about a lack of notice of the district court's consideration of summary judgment on his retaliation claim for this reason, Loud should consider this report and recommendation as notice and present any

---

department to the infant department at request of plaintiff's father would not dissuade a reasonable employee from making or supporting a discrimination charge); *Browning v. Sw. Research Inst.*, 288 Fed. App'x, 170, 178-79 (5th Cir. 2008) (explaining that the "loss of job responsibilities can in some circumstances constitute an adverse employment action," but the plaintiff's "normal rotation out of the Principal Investigator position, with no specific association with protected activity, would not dissuade a reasonable worker from making or supporting a charge of discrimination"); *Smith v. Harvey*, 265 Fed. App'x, 197, 201 (5th Cir. 2008) (determining that supervisor's request that the plaintiff "explain his unusually high phone bill in detail was a reasonable and ordinary request for a supervisor to make of an employee" and that "[n]o reasonable employee would be dissuaded from making a discrimination claim by such a trivial and routine inquiry").

[26] Docket entry # 20, exh. C, p. 89, lines 3-17.

[27] *Id.* at pp. 94, line 25 to p. 96, line 20.

summary-judgment type of evidence that would raise a fact question about whether requiring a supervisor to prepare employee work schedules would dissuade a reasonable worker from making or supporting a charge of discrimination, by the deadline for objecting to this recommendation. I recommend GRANTING TDCJ's motion (docket entry # 20) and entering SUMMARY JUDGMENT in favor of TDCJ.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[28] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[29] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and

---

[28] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[29] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[30]

**SIGNED** on December 1, 2008.

*(signed) Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[30]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).